**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HAILEY JANOSKO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:26-90 |
| v. | ) | |
| | ) | Magistrate Judge Dodge |
| | ) | |
| THE TRAVELERS INSURNANCE | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.      Recommendation**

It is respectfully recommended that the Complaint be remanded to the Court of Common

Pleas of Washington County, Pennsylvania pursuant to 28 U.S.C. § 1447(c).

**II.     Report**

Plaintiff Hailey Janosko filed this pro se action in the Court of Common Pleas of

Washington County, Pennsylvania against The Travelers Insurance Company ("Travelers"),

asserting claims arising out of structural defects she discovered after purchasing a house. She

alleged that Travelers was the insurer of a real estate agent who made misrepresentations about the

condition of the house, and that Travelers refused to engage in settlement discussions with her.

Travelers removed the case to this Court on the basis of diversity jurisdiction.

On January 23, 2026, Plaintiff filed an Amended Complaint (ECF No. 4) which eliminated

Travelers as a defendant and names as Defendants Kathleen Cooper, the real estate agent who was

involved in selling her the house; and Pittsburgh South Realty, LLC ("PSR"), Cooper's employer

and the named insured under a Professional Liability/Errors and Omissions Policy issued by

Travelers. (ECF No. 1-2 at 1.) Plaintiff also filed a notice of voluntary dismissal as to Travelers

(ECF No. 6) and moves to remand this action to state court (ECF No. 5) on the basis that diversity jurisdiction no longer exists.

As discussed below, because subject matter jurisdiction does not exist, this action should be remanded to the Court of Common Pleas of Washington County pursuant to 28 U.S.C. § 1447(c).

## A. **Factual Allegations**

Plaintiff's claims arise out of her purchase of a house in 2023 which, she later discovered, has numerous structural defects. According to the allegations in the Amended Complaint, in order to remain competitive with a cash offer for the house, she waived a home inspection and relied solely on the seller's property disclosure statement and representations transmitted to her through Cooper.

After taking possession, she discovered extensive and ongoing water intrusion affecting the basement, attic, roof, gutters, window wells, exterior walls, and interior living spaces, including newly discovered damage to the office and kitchen ceiling. Remediation professionals determined that the condition of the property was consistent with long-standing moisture intrusion predating Plaintiff's purchase. Plaintiff further alleges that the property was previously sold in or about 2022 at a significantly reduced price following at home inspection bearing Cooper's name, evidencing Defendants' actual or constructive knowledge of the structure's material defects.

The Amended Complaint alleges claims against Cooper of negligent misrepresentation (Count I) and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (Count II). In Count III, Plaintiff asserts a claim of respondeat superior/vicarious liability against PSR.

2

### B.  Legal Standard

Under federal law, if a plaintiff seeks to add additional defendants after removal who would destroy subject matter jurisdiction, joinder may be denied or it may be permitted, in which case the court may remand the action to state court. 28 U.S.C. § 1447(e). *See also* 28 U.S.C. § 1367(b) (in diversity cases, courts may not exercise supplemental jurisdiction over parties joined under Rule 20 when doing so "would be inconsistent with the jurisdictional requirements of section 1332."); 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")

In *Avenatti v. Fox News Network LLC*, 41 F.4th 125 (3d Cir. 2022), the plaintiff amended his complaint as of right pursuant to Rule 15(a) immediately after removal and added a non-diverse defendant, thereby technically avoiding application of § 1447(e). The Court of Appeals for the Third Circuit approvingly cited the Fifth Circuit's decision in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), which listed four factors a court should consider when faced with a motion to add a non-diverse party. These factors are "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 129, 135.

The district court in *Avenatti* applied the *Hensgens* factors and applied its discretion under Rule 21 to drop the non-diverse defendant and restore complete diversity.[1] The Court of Appeals approved of this approach as well as its result, holding that where "a nondiverse defendant has been added post-removal by amendment as of right, courts may sua sponte consider dropping the

---

[1] Federal Rule of Civil Procedure 21 provides that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

spoiler under Rule 21. If the new defendant is dispensable and can be dropped without prejudicing any party, then courts may go on to consider the *Hensgens* factors to guide their discretion 'on just terms.'" *Id.* at 130.

### C. <u>Analysis</u>

The Court has "an independent obligation to determine whether subject-matter jurisdiction exist[s]." *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019). Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Subject matter jurisdiction may be based on a federal question, 28 U.S.C. § 1331, or on diversity of citizenship and an amount in controversy that exceeds the sum of $75,000.00, 28 U.S.C. § 1332. With respect to subject matter jurisdiction based on diversity, the United States Supreme Court has interpreted 28 U.S.C. § 1332 to require complete diversity. *Dole Food Co. v. Patrickson*, 538 U.S. 468, 478 (2003). As the Court of Appeals has explained, that means "no plaintiff can be a citizen of the same state as any of the defendants." *Midlantic Nat. Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995).

In its Notice of Removal, Travelers represented that diversity jurisdiction existed because Plaintiff is a citizen of Pennsylvania and Travelers is a corporation organized and existing under the laws of the state of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut 06183. Moreover, the amount in controversy was satisfied because Plaintiff sought damages in excess of $175,000.00 (ECF No. 1 ¶¶ 15-20.) Thus, at that point, diversity jurisdiction existed.

The Amended Complaint removes Travelers as a defendant and names as defendants Cooper and PSR. Plaintiff alleges that Cooper is a Pennsylvania resident and that PSR is a

"Pennsylvania limited liability company." (Am. Compl. at 1-2.)[2] Thus, complete diversity is now lacking.

As a result, Court will examine the Amended Complaint under Rule 21 and, if appropriate, apply the *Hensgens* factors.

1. Rule 21 Analysis

In *Avenatti*, the court noted in exercising its discretion under Rule 21, a court "cannot drop indispensable parties, and it must assure itself that its actions will not prejudice any party." 41 F.4th at 131 (citations omitted). In this case, Plaintiff has amended her complaint to add Cooper, the agent who sold her the house, and her employer, PSR, as defendants. She now alleges that Cooper's misrepresentations led her to purchase a house with structural defects, that these representations violated the UTPCPL, and that PSR is liable for Cooper's actions and omissions. Based on these allegations, it is clear that these defendants are indispensable to this action because they are alleged to be responsible for the actions cited in the Amended Complaint.[3]

Moreover, while Plaintiff initially brought her claim against Travelers, it is the insurer of the current defendants, not Plaintiff. And the gravamen of the Amended Complaint is that the current defendants, not Travelers, made material misrepresentations to her.

Because the Court should not dismiss Cooper and PSR from the case, complete diversity is lacking. As noted above, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The language

---

[2] This allegation is not jurisdictionally accurate because the citizenship of a limited liability company "is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). It is not necessary to determine the citizenship of PSR, however, because Cooper's presence alone destroys diversity.

[3] Because the Court should not dismiss Cooper from this case, it need not address the *Hensgens* factors.

5

of this section is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court." *Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) (citation omitted).

In conclusion, because at least Cooper is a non-diverse defendant, complete diversity does not exist and the case should be remanded to the Court of Common Pleas of Washington County, Pennsylvania because subject matter jurisdiction does not exist.

## III.  Conclusion

It is respectfully recommended that this action be remanded to the Court of Common Pleas of Washington County, Pennsylvania pursuant to 28 U.S.C. § 1447(c).

If Plaintiff wishes to challenge this Report and Recommendation, she must seek review by the district judge by filing objections by March 3, 2026. Failure to file timely objections will waive the right of appeal.

Dated: February 17, 2026                     /s/Patricia L. Dodge
                                             PATRICIA L. DODGE
                                             UNITED STATES MAGISTRATE JUDGE

cc:     Hailey Janosko
        297 Lacock Street
        Washington, PA 15301